**STATE OF WEST VIRGINIA**

**Jason M. Payne,**
**Petitioner Below, Petitioner**

**FILED**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 17-0730** (Morgan County 12-P-50)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason M. Payne, by counsel Nicholas J. Matzureff, appeals the Circuit Court of Morgan County's July 28, 2017, order denying his motion to reopen a prior petition for a writ of habeas corpus to introduce new evidence, motion to amend the prior habeas petition, and motion for a new trial. Respondent Donnie Ames, Superintendent, by counsel Gordon L. Mowen II and Thomas T. Lampman, filed a response.[1] On appeal, petitioner argues that the circuit court erred in denying him a new trial based upon newly discovered evidence and in subjecting his motion for a new trial to "an unreasonable and arbitrary pleading standard."[2]

---

[1]Since the filing of the petition in this case, the superintendent at Mt. Olive Correctional Complex has changed, and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[2]Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure directs a petitioner to open his or her brief "with a list of the assignments of error that are presented for review[.]" In this section of petitioner's brief, he raises two assignments of error:

1. The circuit court erred in denying petitioner a new trial based upon newly discovered evidence.

2. The circuit court erred in denying petitioner the opportunity to file a new habeas corpus petition for purposes of addressing the newly discovered evidence.

Rule 10(c)(7) then directs that the "brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, *under headings that correspond with the assignments of error*." (Emphasis added). Petitioner's argument section does not comply with this rule. Critically, petitioner neglects to provide

(continued . . . )

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2007, petitioner was indicted on one count of first-degree murder and one count of conspiracy arising from the murder of Keese Bare. At petitioner's trial, which began on May 5, 2008, Amanda Kerns Ecatah testified that she received a call from her brother, Vernon Kerns Jr., requesting that she come to a campsite referred to as "Lot 17." Upon her arrival at this campsite, Mr. Kerns informed Ms. Ecatah that "they were going to kill Keese." Ms. Ecatah testified that she observed another individual present at the campsite, Jerome "B.J." Smith, cut Mr. Bare's throat while he was restrained by petitioner and Mr. Kerns. Mr. Bare stood up and began to run, and then Mr. Kerns stabbed him with a knife. Ms. Ecatah testified that petitioner told Mr. Bare "that is what happened to people that told" and that petitioner then beat Mr. Bare in the head with a metal baton until it bent in half. When Ms. Ecatah pleaded with petitioner to stop, petitioner responded that "he wasn't going to jail for attempted murder." The three men present then burned Mr. Bare's body in the fire pit at the campsite. Ms. Ecatah further testified that Mr. Bare was killed due to the belief that he was going to implicate them in a credit card fraud case.

Petitioner testified at his trial that he arrived at Lot 17 and saw Mr. Kerns, Mr. Smith, Ms. Ecatah, and Mr. Bare drunk around the fire pit. Mr. Kerns, Mr. Smith, and Mr. Bare walked away from the fire. After the three walked away together, petitioner claimed that he saw Mr. Bare drop to the ground and lay motionless after Mr. Kerns and Mr. Smith, who were beating Mr. Bare, stopped hitting him. Petitioner further testified that Mr. Kerns and Mr. Smith dragged Mr. Bare's body into the fire. Petitioner admitted to previously having a metal baton similar to that described by Ms. Ecatah, but he denied murdering or participating in the murder of Mr. Bare.

Petitioner's ex-wife, Vanessa Mickey, also testified at petitioner's trial. She testified that, during a conversation with Mr. Kerns and petitioner, Mr. Kerns claimed that he, petitioner, and Mr. Smith took Mr. Bare to Lot 17, that Mr. Smith slit Mr. Bare's throat, that petitioner beat Mr. Bare with a metal club, and that they then burned Mr. Bare's body.

---

argument in support of his second assignment of error. Accordingly, petitioner's assignments of error have been reworded to correspond with the arguments actually raised. Nonetheless, this Court notes that, with respect to his second assignment of error, the circuit court, in fact, addressed petitioner's claim of newly discovered evidence thereby obviating the need to file a separate petition for the purpose of raising the claim.

Petitioner was ultimately convicted of second-degree murder, a lesser-included offense of first-degree murder, and acquitted of conspiracy. We affirmed petitioner's conviction in *State v. Payne*, No. 11-1045, 2012 WL 3104253 (W.Va. June 22, 2012)(memorandum decision).[3]

Thereafter, petitioner received a notarized letter from Mr. Kerns, who had been convicted of the first-degree murder of Mr. Bare in a separate trial. The letter, dated November 29, 2016, stated Mr. Kerns's intention to "come forward and accept the fully [sic] responsibility in the murder that [petitioner] and I was [sic] convicted of." Mr. Kerns's letter further set forth that petitioner

> has been in prison for something he honestly had nothing to do with. Keese (the dece[a]sed) was telling on my sister Amanda [Ecatah] and I for other crimes somehow the state never charged her for something she was clearly apart [sic] of yet they charged [petitioner] and he really did nothing.

Mr. Kerns wrote that he wished to "come forward and clear [petitioner]," and he expressed a willingness "to speak out and do what it takes to help." Based upon this letter, petitioner, pro se, filed a motion for a new trial on January 30, 2017.

Following the filing of that motion for a new trial, petitioner was appointed counsel. On April 18, 2017, petitioner's newly appointed counsel filed a "Motion to Reopen Evidence, Motion to Amend the Petition, and Motion for a New Trial." The circuit court denied these motions by order on July 28, 2017, finding, among other things, that the notarized letter did not constitute newly discovered evidence that would warrant granting a new trial. It is from this order that petitioner appeals.

Petitioner first argues on appeal that the circuit court erred in denying his motion for a new trial. We apply the following standard of review to a circuit court's denial of a motion for a new trial:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 1, *State v. Jenner*, 236 W.Va. 406, 780 S.E.2d 762 (2015) (citation omitted).

In support of this argument, petitioner asserts that Mr. Kerns's affidavit is newly discovered evidence that warrants the granting of a new trial. Petitioner argues that the affidavit

---

[3]Petitioner also sought post-conviction relief by filing a petition for a writ of habeas corpus. The circuit court denied petitioner habeas relief, and we affirmed that denial in *Payne v. Ballard*, No. 16-0340, 2017 WL 2633507 (W.Va. June 19, 2017)(memorandum decision).

"is both new and material," and that "it appears . . . [p]etitioner was diligent in securing the affidavit." Petitioner contends that any "delay in securing Mr. Kerns's affidavit was caused solely by Mr. Kerns's failure to provide such testimony sooner." Petitioner also claims that the evidence is likely to produce a different result at trial and that the evidence is not being used solely to discredit or impeach another witness.

We have previously held that

> [a] new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.

Syl., *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979) (citation omitted). "A new trial on the ground of after-discovered evidence or newly discovered evidence is very seldom granted and the circumstances must be unusual or special." Syl. Pt. 2, *State v. Helmick*, 201 W.Va. 163, 495 S.E.2d 262 (1997). Under this standard, we find no error in the circuit court's decision.

To begin, we note that Mr. Kerns testified at his own trial as follows:

> Me and my cousins, Jerome and [petitioner], and my sister, Amanda, was down at the river lot. And Keese was murdered down there. It come about – I really can't remember. I can't say that I saw B.J. sliced [sic] his throat because I was setting down the Jim Beam and the Pepsi bottle. And the next thing I know, Keese comes running out towards the fire, and [petitioner] is a following behind him beating him in the head with a baton. And he bent that baton over his head from beating him. And he had brains and blood on it.

> And then he looks at me and says, ain't you going to . . . do anything? So then I pick up the knife and stab him a couple of times. He wasn't moving. He wasn't saying anything. And then he put him on the fire. Then Amanda got lighter fluid out of her car to put on it, and then [petitioner] and B.J. stacked a bunch of wood on him. And [petitioner] told all of us if we told the cops anything that he would kill us. That's why I've kept my silence.

Mr. Kerns's notarized letter directly contradicts his trial testimony. The circuit court found that this contradiction, considered in light of the trial evidence, rendered Mr. Kerns's letter incredible, and thus unlikely to affect the result at trial. Other evidence considered by the circuit

4

court in concluding that Mr. Kerns's letter lacked credibility included Ms. Ecatah's testimony. Ms. Ecatah testified to petitioner's involvement in Mr. Bare's death, including that petitioner beat Mr. Bare "in the head with a metal baton until it bent in half." Petitioner's ex-wife also testified that Mr. Kerns, in petitioner's presence, admitted to her that both he and petitioner were involved in Mr. Bare's death. Petitioner did not deny Mr. Kerns's admission to his ex-wife. Finally, petitioner admitted at trial that he owned a metal baton similar to that described by Ms. Ecatah.

We have previously held that the deference afforded to circuit courts in determining whether newly discovered evidence warrants the grant of a new trial "is due, in part, to the superior position the trial judge holds when assessing the credibility of the new evidence, an essential component of the determination of whether the evidence would make a different result on retrial probable." *State ex rel. Smith v. Sims*, 240 W.Va. 601, 607, 814 S.E.2d 264, 270 (2018) (citation omitted). Also, "[a] confession by another person . . . does not invariably require a new trial; the integrity of the confession is for the trial court." *State v. King*, 173 W.Va. 164, 313 S.E.2d 440 (1984). Accordingly, we find no error in the circuit court's conclusion that Mr. Kerns's letter lacks credibility and would, therefore, be unlikely to produce a different result at a second trial.

Because "[a]ll five factors must be proven before a new trial will be awarded[,]" *Anstey v. Ballard*, 237 W.Va. 411, 423, 787 S.E.2d 864, 876 (2016), the fact that the "newly discovered evidence" is unlikely to produce a different result at trial alone warrants affirmance of the circuit court's order. Nonetheless, we also note that petitioner has failed to demonstrate that he was diligent in securing this "newly discovered evidence." To satisfy the second *Frazier* factor, "[i]t must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict." *Frazier*, 162 W.Va. at 935, 253 S.E.2d at 535, Syl., in part. Petitioner concedes that he "did not provide a formal affidavit to the lower court regarding his due diligence in acquiring the newly discovered evidence[.]" Nonetheless, petitioner asserts that "it appears that [he] was diligent in securing the affidavit" as he was "diligent in submitting the newly discovered evidence immediately after his receipt of the same."

Petitioner's outright failure to provide an affidavit describing his diligence in securing Mr. Kerns's letter notwithstanding, his arguments on appeal are unavailing. A plaintiff must demonstrate that he or she was "diligent in *ascertaining and securing*" the evidence. *Id.* It is not sufficient to wait idly in the hopes that evidence appears, particularly where the allegedly newly discovered evidence makes a claim known to and argued by petitioner at his own trial. *See Grant v. Mirandy*, No. 15-0003, 2015 WL 5555586 (W.Va. Sept. 21, 2015)(memorandum decision) (finding that the petitioner failed to exercise diligence in securing a post-conviction affidavit from a codefendant where "assertions are information known to both the [p]etitioner and [his codefendant] from the moment that Redman was shot and killed four years earlier since both were present together at the scene.").

Additionally, petitioner maintained at trial that he neither murdered nor participated in the murder of Mr. Bare. *Payne*, 2012 WL 3104253 at *2. Mr. Kerns's letter asserts the same. Yet, to warrant the grant of a new trial, the newly discovered evidence must be new and material,

5

not merely cumulative. *Frazier*, 162 W.Va. at 935, 253 S.E.2d at 535. For these additional reasons, we find no error in the circuit court's denial of petitioner's motion for a new trial.

Petitioner lastly assigns as error the circuit court's denial of his pro se motion for a new trial. Petitioner claims that the circuit court held him to "an unreasonable and arbitrary pleading standard" by determining that the motion, filed under Rule 33 of the West Virginia Rules of Criminal Procedure, could not be addressed as filed because those rules were inapplicable in his civil habeas proceeding. Petitioner asserts that "he should not be punished for his unfamiliarity with the onerous pleading standards of West Virginia."

Petitioner's final assignment of error has no merit. After filing his pro se motion for a new trial, the circuit court appointed counsel. Following that appointment, petitioner filed additional motions, including one for a new trial, through which he raised his newly discovered evidence claim. Indeed, petitioner acknowledges that "as soon as [he] was provided court-appointed counsel, he used the opportunity to address the affidavit in another Motion for a New Trial," which the circuit court reviewed and addressed. Accordingly, petitioner's newly discovered evidence claim was litigated with the assistance of counsel, and he is entitled to no relief in this regard.

For the foregoing reasons, we affirm the circuit court's order denying petitioner's motion for a new trial.

Affirmed.

**ISSUED**:  January 14, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison